IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JULIE LYNN SANDERS                                                    PLAINTIFF

vs.                      Case No. 4:14-cv-00240 JTK

CAROLYN COLVIN, *Acting Commissioner*,
Social Security Administration                                    DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff Julie Lynn Sanders appeals the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for disability insurance benefits (DIB) and supplemental security income (SSI) based on disability.[1]  Both parties have submitted appellate briefs, and the case is ready for decision.  The only issue before the Court is whether the Commissioner's decision that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence.

For the reasons outlined below, the decision of the Commissioner is affirmed.

### Procedural History

Plaintiff protectively filed for benefits on August 1, 2011, alleging a disability onset date

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

of November 20, 2009. She alleged the following conditions as disabling: Sweet's syndrome,[2] Hashimoto's thyroiditis,[3] and heart issues. Disability Determination Services (DDS) denied the claims initially and upon reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge (ALJ). The ALJ held the hearing on September 18, 2012. Following the hearing, the ALJ issued a decision that Plaintiff was not disabled. Subsequently, the Appeals Council declined review, making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed this civil action.

## Administrative Proceedings

Plaintiff was fifty-one years old at the time of the administrative hearing. She completed the ninth grade. The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process[4] and found that Plaintiff had not engaged in substantial gainful work activity since November 20, 2009, the alleged onset date. She had the severe impairments

---

[2]Sweet's syndrome is a rare skin condition marked by fever and painful skin lesions that appear mainly on your arms, neck, face, and back. MAYO CLINIC, http://www.mayoclinic.org (last visited July 17, 2015).

[3]Hashimoto's disease, also known as chronic lymphocytic thyroiditis, is a condition in which your immune system attacks your thyroid, resulting in inflammation that often leads to an underactive thyroid gland (hypothyroidism). MAYO CLINIC, http://www.mayoclinic.org (last visited July 17, 2015).

[4]"The five-part test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment [meets] or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that she is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that a claimant can perform." *Steed v. Astrue*, 524 F.3d 872, 875 n.3 (8th Cir. 2008)(internal citations omitted).

of Sweet's syndrome and Hashimoto's thyroiditis. The ALJ determined, however, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. In assessing Plaintiff's credibility, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms but that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent they were inconsistent with the residual functional capacity (RFC) to perform the full range of medium work. The ALJ determined Plaintiff could perform her past work as a machine operator, nurse's aide, poultry inspector, and convenience store cashier. Therefore, he concluded that Plaintiff was not disabled.

## Standard of Review

The standard of review in this case is whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id.* (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)). In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id.* (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

## Discussion

On appeal, Plaintiff contends that the ALJ's decision to deny benefits is not supported by substantial evidence. Specifically, Plaintiff asserts that the ALJ failed to develop the record

3

as to her RFC and erred in the credibility determination. Within these main contentions, Plaintiff makes other ancillary arguments that the Court will also address herein.

Plaintiff contends first that the ALJ excluded many factors that further limit her RFC, including her (1) functional limitations contained in the medical records, (2) extensive hospital stays for treatment followed by weeks of convalescent care upon release, (3) pain and side effects of medication, (4) lack of restorative sleep that interferes with her attention, concentration and memory and results in her being off pace and requiring frequent breaks, (5) corroborated testimony that there are days she cannot get out of bed at all, which would result in many work absences, (6) medications and the amounts and types of pain medication taken daily, and (7) assertions that she is essentially bedridden for a period of weeks upon release from the hospital. This argument encompasses challenges to both the RFC and credibility determinations.

The ALJ has the duty to fully and fairly develop the record, "independent of the claimant's burden to press [her] case." *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). However, the burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). A claimant must show not only that the ALJ failed to fully and fairly develop the record but also that she was prejudiced or treated unfairly by the ALJ's failure. *See Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995); *Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993); *Highfill v. Bowen*, 832 F.2d 112, 115 (8th Cir. 1987) (claimant must show prejudice or unfairness resulting from an incomplete record).

Further, an individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. See Social Security Ruling 96-8p.

4

"Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). In addition to determining RFC based on all relevant evidence including the medical records and observations of treating physicians and others, the ALJ should also consider the claimant's own description of her limitations, *id.*, including his testimony regarding subjective complaints of pain. *See Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). In doing so, the ALJ considers: (1) a claimant's daily activities, (2) the duration, frequency, and intensity of pain, (3) precipitating and aggravating factors, (4) dosage, effectiveness, and side effects of medication, and (5) residual functions. *Id.* While the ALJ may not disregard subjective pain allegations solely because they are not fully supported by objective medical evidence, *see Chamberlain v. Shalala*, 47 F.3d 1489, 1494 (8th Cir. 1995), an ALJ is entitled to make a factual determination that a claimant's subjective complaints are not credible in light of objective medical evidence to the contrary. *See* 20 C.F.R. §§ 416.908, 416.929 (requiring that an individual's subjective complaints of pain alone shall not be conclusive evidence of disability, but must be documented by medical evidence which reasonably could be expected to produce the pain or symptoms alleged).

  The Court finds that the ALJ sufficiently developed the record in this instance. Moreover, the Court will not substitute its opinion for that of the ALJ, who is in a better position to assess credibility. Here, the ALJ referred to the *Polaski* considerations and cited inconsistencies in the record to support his findings. Further, the ALJ properly considered all of the medical and other relevant evidence of record in making his RFC determination, including Plaintiff's descriptions

5

of limitations, observations of treating and examining physicians and others, and medical records including any observations therein. The record evidences Plaintiff's two hospitalizations due to her severe impairments. Following her first hospitalization, Plaintiff did not keep the follow-up appointment. *See Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir. 2004) ("[A] failure to follow prescribed medical treatment without good cause is a basis for denying benefits."). Plaintiff was hospitalized a second time after she stopped taking her medication because she was gaining too much weight. The failure to take effective medication as prescribed without good reason can be a proper ground for denying benefits. *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998). Once discharged and upon her follow-up visit, Plaintiff was doing better, her lesions were healing well, and her pain manageability was better. The consultative examination of Garry Stewart, M.D. noted Plaintiff had normal gait and coordination, full range of motion in all of joints, and full grips strength in both hands. While Dr. Stewart noted Plaintiff had some nausea, vomiting, hand numbness, and joint pain, he did not find any limitations due to Plaintiff's impairments. Plaintiff did not provide evidence to show she was unable to perform medium work, and the consultative report is consistent with the record. *See Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005) (concluding that one consulting physician's RFC assessment supported the ALJ's RFC finding when none of the claimant's treating physicians opined she was unable to work).

In sum, the Court has carefully reviewed the record and determined the ALJ's finding that Plaintiff's subjective complaints were not fully credible was adequately explained and supported by the record as a whole. Additionally, the ALJ's RFC is supported by some medical evidence that is sufficiently clear to allow for an understanding of how Plaintiff's limitations function in

a work environment. Therefore, substantial evidence supports the RFC determination. *See Cox v. Astrue*, 495 F.3d 614, 620 n.6 (8th Cir. 2007).

Plaintiff argues second that the ALJ failed to consider her combined impairments singly and in combination, severe and non-severe. The argument lacks merit.

The ALJ determined that Plaintiff's heart and lung problems were non-severe, finding they did not cause more than a minimal limitation on her ability to perform work-like tasks. This finding was based upon Plaintiff's continued smoking and Dr. Stewart's assessment that the tachycardia caused no limitations. The ALJ also enumerated that he considered Plaintiff's impairments singly and in combination in determining she did not meet a listing. In fact, he considered Plaintiff's conditions, severe and non-severe, under Listings 4.00, 5.00, 8.02-8.05, 11.00, and 12.00. The ALJ's opinion contains a thorough discussion and collective evaluation of Plaintiff's impairments and complaints of pain. The Eighth Circuit has held that an ALJ properly considers the combined effects of a claimant's impairments when the ALJ separately discusses each impairment and still concludes that the claimant does not have a combination of impairments that render her disabled. *Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011). Accordingly, the ALJ's determination that Plaintiff was not disabled was appropriately decided by evaluating all impairments, severe and non-severe, singly and in combination.

Plaintiff argues third that the ALJ erred in applying the proper weight to the opinion of the multiple, non-treating, state agency sources. Specifically, Plaintiff claims there are no medical opinions outside those of the state agency medical consultants to support the ALJ's RFC. There was no error.

Generally, the claimant is responsible for providing the evidence the agency will use in determining RFC. The agency, however, is tasked with developing a complete medical history and arranging for consultative examinations if necessary. Indeed, it is the duty of an ALJ to "fully and fairly" develop the record. *Snead v. Barnhart*, 360 F.3d at 838. Moreover, an individual's RFC, as previously noted, is a medical question that must be supported by some evidence from a medical professional. *Moore v. Astrue*, 572 F.3d at 523. To properly assess a claimant's RFC, the ALJ "should obtain medical evidence that addresses the claimant's ability to function in the workplace." *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001).

Moreover, the ALJ is entitled to give significant weight to the opinions of state agency medical consultants despite the fact that they did not review all of the medical records. When evaluating a non-examining source's opinion, the ALJ "evaluate[s] the degree to which these opinions consider all of the pertinent evidence in [the] claim, including opinions of treating and other examining sources." 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). The weight given depends on the "degree to which they provide supporting explanations for their opinions." *Id.* While opinions of non-examining sources do not constitute substantial evidence, *see Shontos v. Barnhart*, 328 F.3d 418, 427 (8th Cir. 2003), an ALJ does not commit reversible error when he or she undertakes an independent review of the medical evidence and does not rely solely on the opinion of a non-examining source in determining RFC. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1024 (8th Cir. 2002) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)).

Here, the ALJ also ordered a consultative examination by Dr. Stewart, who performed the examination of Plaintiff on October 21, 2011. His findings showed Plaintiff had no lung, heart,

or abdomen abnormalities. Dr. Stewart also noted full range of motion, no limb function deficits, and no limitations in the ability to sit, walk, lift, carry, handle, finger, hear, or speak. Here, the Court finds that the ALJ did not rely solely on the opinion of state agency consultants but also upon other evidence in the record in determining Plaintiff's RFC. *See Stormo v. Barnhart*, 377 F.3d at 807-08 (ALJ's RFC assessment supported by state agency physicians' assessments, medical evidence of record, and the claimants own statements).

Plaintiff's final argument suggests that the ALJ's hypothetical questions to the VE did not mirror the limitations of the claimant and precisely describe her impairments. However, other than citing appropriate case law, Plaintiff's argument is conclusory and unsupported by the facts. Thus, the Court will not address this issue further. *See Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" a social security appellant's conclusory assertion that the ALJ failed to consider whether he met the Listings where the appellant provided no analysis of the relevant law or facts).

## Conclusion

The Court has carefully reviewed the record and finds the Commissioner's decision to be supported by substantial evidence and free of significant legal error.

THEREFORE, the Court hereby affirms the Commissioner's final determination and dismisses Plaintiff's Complaint with prejudice.

SO ORDERED this 21st day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE